UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

HARRY HARRISON,
    PLAINTIFF,
VS.

CAUSE NO: 1:19-cv-02173-TWP-MPB

STANLEY KNIGHT, WARDEN
MURAT POLAR,
RACHAEL HOUGHTON,
CHASITY PLUMMER,
PAMELA JOHNSON,
REBECCA TRIVETT,
    DEFENDANTS, et al.,

AMENDED PRISONER
COMPLAINT

## AMENDED COMPLAINT

THIS IS A CIVIL RIGHTS AMENDED ACTION FILED BY HARRY HARRISON, A STATE PRISONER, SUING FOR DAMAGES AND INJUNCTIVE RELIEF UNDER 42 U.S.C. 1983, ALLEGING CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION. ALSO, A TORT CLAIM FOR DAMAGES UNDER THE INDIANA TORT CLAIMS ACT, ALLEGING MEDICAL MALPRACTICE.

### JURISDICTION

1. THE COURT HAS JURISDICTION OVER THE PLAINTIFFS CLAIMS OF VIOLATION FEDERAL CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1331(1) AND 1343.

2. THE COURT HAS SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFFS STATE LAW TORT CLAIMS UNDER 28 U.S.C. 1367.

### PARTIES

3. THE PLAINTIFF, HARRY HARRISON, WAS INCARCERATED AT PLAINFIELD CORRECTIONAL FACILITY, HENDRICKS COUNTY, STATE OF INDIANA, DURING THE EVENTS DESCRIBED IN THIS AMENDED COMPLAINT.

4. DEFENDANT STANLEY KNIGHT IS THE WARDEN OF THE PLAINFIELD CORRECTIONAL FACILITY. HE IS BEING SUED IN HIS INDIVIDUAL CAPACITY

5. DEFENDANT MURAT POLAR WAS THE HEAD PHYSICIAN AT THE PLAINFIELD CORRECTIONAL FACILITY. HE IS BEING SUED IN HIS INDIVIDUAL CAPACITY.

6. DEFENDANT RACHAEL HOUGHTON WAS THE HEALTH SERVICES ADMINISTRATOR AT THE PLAINFIELD CORRECTIONAL FACILITY. SHE IS BEING SUED IN HER INDIVIDUAL CAPACITY.

7. DEFENDANT CHASITY PLUMMER WAS THE DIRECTOR OF NURSING AT THE PLAINFIELD CORRECTIONAL FACILITY. SHE IS BEING SUED IN HER INDIVIDUAL CAPACITY.

8. DEFENDANT PAMELA JOHNSON WAS THE NURSE PRACTITIONER AT THE PLAINFIELD CORRECTIONAL FACILITY. SHE IS BEING SUED IN HER INDIVIDUAL CAPACITY.

9. DEFENDANT REBECCA TRIVETT WAS THE LPN AT THE PLAINFIELD CORRECTIONAL FACILITY. SHE IS BEING SUED IN HER INDIVIDUAL CAPACITY.

FACTS

10. ON 11-15-2017, THE PLAINTIFF WAS TRANSFERRED TO THE PLAINFIELD CORRECTIONAL FACILITY (HEREINAFTER P.C.F). DURING THIS TRANSFER HE WAS SENT TO THE P.C.F MEDICAL DEPARTMENT DUE TO HIS MEDICAL CONDITIONS I.E. DEGENERATIVE DISC DISEASE, EPILEPSY, AND MENTAL HEALTH BEHAVIORAL ISSUES

11. ON THE SAME DAY THE PLAINTIFF WAS SEEN, EVALUATED BY NURSE PRACTITIONER PAMELA JOHNSON AND LPN NURSE REBECCA TRIVETT. PLAINTIFF TOLD THE MEDICAL PERSONAL THAT HE WAS UNABLE TO WALK OR CARE FOR HIMSELF DUE TO HIS MEDICAL CONDITIONS.

12. AN EVALUATION WAS DONE BY THE PLAINFIELD CORRECTIONAL FACILITYS DOCTOR MURAT POLAR AND REBECCA TRIVETT LPN ON THE SAME DAY AND THE TWO MEDICAL PERSONAL AGREED THAT THE PLAINTIFF NEEDED TO BE PLACED IN THE P.C.F INFIRMARY.

13. ON 11-17-2017, THE PLAINTIFF WAS SEEN BY NURSE BECKY TRIVETT AND HE EXPLAINED TO HER THAT HE WAS SUFFERING FROM PAIN AND THEREBY REQUESTED PAIN MEDICATION. IN RESPONSE, NURSE TRIVETT TOLD THE PLAINTIFF SHE WOULD NOT BE GIVING HIM ANY MEDICATION, AS WELL AS THE NURSE PRACTITIONER, PAMELA JOHNSON.

14. ON 12-01-2017, THE PLAINTIFF WAS SEEN BY PHYSICAL THERAPIST MS. MILLER. AT THAT TIME MS. MILLER CONFIRMNED THE PLAINTIFFS MEDICAL CONDITION AND DISEASE, AND HIS STRUGGLES WITH PAIN AND DAILY FUNCTIONS. MS. MILLER HAS TREATED THE PLAINTIFF SINCE 2014 WHEN HE WAS AT THE PENDLETON CORRECTIONAL FACILITY, AND IS FAMILIAR WITH HIS CONDITION, RECORDS TO CONFIRM THIS.

15. ON 12-01-2017, THE PLAINTIFF CONTINUED TO REQUEST PAIN MEDICATION, AND DR. MURAT POLAR HAD ORDERED A PAIN SHOT THAT HAD NO EFFECTS ON THE PLAINTIFF PAIN, DR. MURAT POLAR STATED THAT HE COULDN'T GIVE ME ANYTHING ELSE.

16. ON 1-8-2018, THE PLAINTIFF WAS TAKEN TO TERRA HAUTE HOSPITAL FOR AN M.R.I. WHEREBY CONFIRMING THAT THE PLAINTIFF HAS CHRONIC L5 PARS DEFECTS, MODERATE TO SEVERE

BILATERAL NEURAL FORAMINA STENOSIS, MULTILEVEL DEGENERATIVE CHANGES AS DESCRIBED, SCIATICA.

17. ON 1-15-2018, THE MERIDIAN RADIOALOGY REPORT CONFIRMNED THAT THE PLAINTIFF DOES IN FACT HAVE DEGENERATIVE DIC DISEASE AND SCIATICA, AGAIN I ASKED DR. POLAR FOR HIS HELP!!!

18. ON 1-26-2018, AFTER NUMEROUS ATTEMPTS AT SPEAKING AND PLEADING WITH THE PLAINFIELD CORRECTIONAL FACILITYS MEDICAL DEPARTMENT, I WAS GIVEN NORCO, NEURONTIN AND MELOXICAM. WHEREBY AFTER A FEW DAYS RELIEVED THE PLAINTIFFS PAIN, YET HE STILL HAD COMPLICATIONS TAKEN CARE OF HIMSELF I.E. SHOWERING, EATING, AND USING THE BATHROOM. A REPORT WAS MADE BY A NURSE WHEN SHE FOUND HIM ON THE SHOWER ROOM FLOOR STRUGGLING TO SHOWER HIMSELF.

19. ON 2-2-2018, THE PLAINTIFF WAS SENT TO INDIANA UNIVERSITY (I.U) HOSPITAL, WHEREBY HE WAS SEEN BY DR. DAVID STOCKWELL TO EVALUATE HIS CONDITION. AT THAT TIME, IT WAS CONFIRMNED THAT THE PLAINTIFFS CONDITION WAS GETTING WORSE, THERE WERE MORE TEST TO BE DONE.

20. ON 2-12-2018, THE PLAINTIFF WAS TAKEN BACK TO TERRA HAUTE FOR A DEXA SCAN. UPON RETURNING TO THE FACILITY THE PLAINTIFF HAD SPOKEN WITH DR. POLAR ABOUT WHAT WAS GOING ON? DR. POLAR STATED THAT I WOULD NEED SURGERY AT SOME POINT AND TIME. DR. POLAR SAID THAT HE WOULD SEND A REFERRAL DOWN STATE THAT OVER SEES THE DEPARTMENT OF CORRECTIONS MEDICAL NEEDS.

21. ON 2-13-2018, THE PLAINTIFF WAS RELEASED FROM THE INFIRMARY TO AN OPEN DORM WITH NO WHEEL CHAIR ASSES ABILITY, SHOWER THAT WORKED PROPERLY, OR A HANDICAP BATHROOM THAT THE PLAINTIFF NEEDED TO USE, THIS CAUSED A GREATER HARDSHIP ON THE PLAINTIFFS COMDITION. THE PLAINTIFF WAS GIVEN A WHEELCHAIR THAT WAS AN INDOOR WHEELCHAIR NOT SUITABLE FOR OUTDOOR USE ON THE DAMAGED SIDEWALKS THAT THE PLAINTIFF HAD TO CONTINOUSLY TRAVEL ON EVERYDAY!!!

22. ON 2-19-2018, THE PLAINTIFF WAS SENT BACK TO TERRA HAUTE FOR AN ORTHO SCAN, THE PLAINTIFF WAS ADVISED THAT HE WOULD NOT NEED HIP SURGERY, BUT HIS DEGENERATIVE DISC DISEASE WOULD REQUIRE TREATMENT/SURGERY. THIS ISSUE WAS AGAIN DISCUSSED WITH DR. POLAR AFTER THE PLAINTIFF HAD RETURNED TO THE FACILITY FROM THE HOSPITAL.

23. ON 2-27-2018 THE PLAINTIFF HAD SENT A HEALTH CARE FORM TO CHASITY PLUMMER ABOUT AN EGG CRATE MATTRESS DUE TO HIS SEVERE MEDICAL CONFIRMNED CONDITION AND NEEDED MEDICATIONS, SEE EXHIBIT, 23.

24. BECAUSE OF THE PLAINTIFFS MEDICAL CONDITION HE WAS UNABLE TO SHOWER IN GENERAL POPULATION BECAUSE HE NEEDED THE HELP FROM THE MEDICAL NURSEING STAFF, AND THE HANDICAP SHOWER NEEDED FIXED IN GENERAL POPULATION FOR ANYONES HANDICAP NEEDS. RACHAEL HOUGHTON, THE HEALTH CARE ADMINISTRATOR DENIED THE PLAINTIFF TO SHOWER FOR (2) WEEKS IN THE INFRMARY, THEN MEDICAL STAFF CONFIRMNED THAT I NEEDED THE USE OF THE INFIRMARY SHOWER, I WAS THEN GRANTED THE USE OF THE SHOWER, WITH HELP.

25. ON 3-3-2018, THE PLAINTIFFS MEDICATION I.E. NORCO HAD EXPIRED. THEREFORE, PLAINTIFF SUBMITTED A MEDICAL REQUEST ASKING FOR MY MEDICATION TO BE RENEWED. THE PLAINTIFF WAS GIVEN TYLENOL 3 INSTEAD OF NORCOS, WHICH WAS BEING REDUCED WITHOUT ANY

GOOD REASON OTHER THAN I DON'T NEED IT. I WENT WITHOUT MY MEDICATION FOR (5) DAYS, THEN I WAS GIVEN A REDUCED DOSE WITHOUT REASON

26. ON 3-9-2018, THE PLAINTIFF ADVISED MEDICAL THE DELAY IN RENEWING MY PAIN MEDICATION AND THE DECREASE FROM NORCOS 3 TIMES A DAY TO TYLENOL 3 TO TWO TIMES A DAY, WAS HURTING ME.

27. ON 3-10-2018, THE PLAINTIFF HAD SENT LETTERS ON THE SAME DATE TO RACHAEL HOUGHTON, CHASITY PLUMMER, AND DR. POLAR EXPRESSING MY NEED TO REACH FOR HELP FROM THE HIGHER UP MEDICAL PERSONALS. I WAITED FOR SOME TIME WITH NO HELP OR RESPONSE, ALSO SENT LETTER TO WEXFORD HEALTH ABOUT CHASITY PLUMMER THE SAME DAY CONCERNING MY MEDICAL TREATMENT, SEE EXHIBIT 27.

28. ON 3-12-2018, I SENT A LETTER TO CHASITY PLUMMER ABOUT MY MEDICAL CONDITION AND TREATMENT, THE DAMAGED SIDEWALKS CAUSEING SEVERE PAIN TO ME, SEE EXHIBIT 28.

29. On 3-13-2018, the plaintiff spoke with the administrative assistant Charles penfold, he stated that he couldn't do anything for me about my medical problem ABOUT MY MEDICAL PROBLEMS, I SHOWED Mr. Penfold medical documentation AND THEN HE GOT UP AND LEFT, AFTER A SHORT DISCUSSION.

30. ON 3-14-2018, THE PLAINTIFF HAD AN APPOINTMENT TO SEE DR. DEW, AT WHICH TIME HE DECREASED MY MEDICATION FROM TYLENOL 3 TO ULTRAM, I ASKED HIM WHY AND HE SAID IT WAS OUT OF HIS HANDS. THIS ADDITIONAL DECREASE IN PAIN MEDICATION CAUSED FURTHER HARDSHIP AND PAIN. I TRIED TO SPEAK WITH DR. POLAR AND HE SAID IT WAS OUT OF HIS HANDS.

31. ON 3-22-2018, THE PLAINTIFF WAS TAKEN TO TERRA HAUTE FOR AN E.M.G. I I HAD SPOKE WITH DR. POLAR BECAUSE THE PAIN WOULD NOT STOP AND THAT IT WAS EXTREMELY DIFFICULT FOR ME TO MAINTAIN DAILY FUNCTIONS ON MY OWN. THE RESULTS FROM THE E.M.G. SHOWED THAT THERE WAS ABNORMALITIES IN THE PLAINTIFFS BACK, IT WAS ABNORMAL.

32. ON 3-24-2018, I HAD REPORTED MY MEDICAL CONDITION TO CHASITY PLUMMER ON THE MENTIONED DATE BY WRITING HER A LETTER CONCERNING MY MEDICAL SUPPLYS AS WELL, SEE EXHIBIT 32.

33. ON 4-01-2018, PLAINTIFF SENT A REQUEST TO MEDICAL STAFF I.E. MEDICAL ADMINISTRATOR RACHAEL HOUGHTON AND DR. POLAR FOR APPROPRIATE PAIN MEDICATION DUE TO ME EXPERIENCEING SEVERE PAIN DUE TO THE NUMEROUS DECREASES. I STILL STRUGGLE WITH HELP FROM MEDICAL.

34. ON 4-02-2018, THE PLAINTIFF FILED A GRIEVANCE DUE TO MY MEDICAL SITUATION, HOPING THAT I CAN GET SOME KIND OF RELIEF FROM ALL THE TRAUMA THAT IVE BEEN GOING THROUGH WITH THE MEDICAL DEPARTMENT HERE AT THE PLAINFIELD CORRECTIONAL FACILITY, ALSO I HAD SENT A LETTER TO CHASITY PLUMMER ABOUT THE TRAUMA FROM THE PAIN I WAS IN, SEE EXHIBIT 34.

35. ON 4-6-2018, I RECEIVED A LETTER FROM WEXFORD HEALTH CORPORATE OFFICE "STATEING THAT I NEED TO USE THE GRIEVANCE PROCESS", WHICH I DID.

36. ON 4-16-2018, PLAINTIFF WENT TO INDIANA HOSPITAL (I.U.) AND DR. DAVID STOCKWELL FOLLOWED UP ON THE E.M.G. FROM 3-22-2018, THE RESULTS CAME FROM THE NEUROLOGY EXAM

AND SHOWS EVIDENCE OF GENERALIZED SENSORY, MOTOR AND PERIPHERAL NEUROPATHY IN BOTH AXONAL AND DEMYELINATING COMPONENTS AND CANNOT EXCLUDE MULTIPLE NERVE ROOT ISSUES.

37.  ON 5-22-2018, PLAINTIFF WAS SENT TO INDIANA UNIVERSITY HOSPITAL (I.U.) FOR A SPINAL INJECTION PROCEDURE, THIS PROCEDURE COULDN'T BE DONE, THE REASON FOR THIS IS THAT THE NURSE FROM I.U. HOSPITAL STATED THAT THE OFFENDER HAS NOT BEEN PROPERLY PREPED FOR THE PROCEDURE FROM THE PRISONS MEDICAL DEPARTMENT, THEREFORE THE OFFENDER WAS SENT BACK TO THE FACILITY, CAUSEING A DELAY IN HIS TREATMENT.

38.  ON 5-22-2018, THE PLAINTIFF REQUESTED TO SEE RACHAEL HOUGHTON, CHASITY PLUMMER, THE FACILITYS HEAD MEDICAL PERSONAL ABOUT THE FACT THAT MY TREATMENT WAS DELAYED BY NEGLIGENT ACTS OF STAFF, CHASITY PLUMMER AND RACHAEL HOUGHTON WAS TO BUSY TO SPEAK TO ME.

39.  I WAITED FOR SOMEONE TO SPEAK WITH ME FROM MEDICAL ABOUT MY DELAY IN TREATMENT AND NO ONE DID. I BEGAN TO SEND IN MEDICAL FORMS TO THE MEDICAL DEPARTMENT ASKING FOR ANSWERS AND HELP.

40.  ON 6-6-2018, I WAS TRANSPORTED TO INDIANA UNIVERSITY HOSPITAL (I.U.) FOR A SPINAL INJECTION PROCEDURE, THE PROCEDURE WAS DONE.

41.  I SENT A REQUEST TO MEDICAL ABOUT THE DAMAGED SIDEWALKS, MEDICAL SAYS TO WRITE CUSTODY, THEY HAVE TO DEAL WITH IT, NOT THEM, I EXPRESSED MY CONCERN WITH MY SAFETY AND HEALTH, WAS TOLD TO FILE A GRIEVANCE, AND I DID.

42.  ON 6-7-2018, THE PLAINTIFF HAD SENT A LETTER TO THE DIRECTOR OF NURSEING WITH CONCERNS ABOUT MY TREATMENT BY THE PLAINFIELD CORRECTIONAL FACILITYS MEDICAL DEPARTMENT. CHASITY PLUMMER DID NOT DISCUSS WHAT I WROTE TO HER, SHE DOES NOT EVEN RESPOND TO A MAJORITY OF THE PAPER WORK THAT'S SENT TO HERE, YET CHASITY PLUMMER HAS KNOWLEDGE OF MY COMPLETE MEDICAL HISTORY, HOW CAN SHE NOT???, SEE EXHIBIT 42.

43.  ON 6-29-2018, WENT TO INDIANA HOSPITAL TO SEE DR. DAVID STOCKWELL ABOUT CORE STRENGTHENING, WATKINS PROTOCOL EXERCISES. 6 TO 8 WEEKS.

44.  ON JULY 26TH 2018, THE PLAINTIFF HAD FILED A TORT CLAIM REGARDING HIS MEDICAL CONDITION AND TREATMENT AND WAS DENIED.

45.  ON 7-28-2018, I SENT HEALTH CARE FORM # 386970 TO MEDICAL REGARDING MY TRAUMA IN MY BACK AND THE BEATING IM TAKING ON THE SIDEWALKS, THIS WAS SENT TO CHASITY PLUMMER AND RACHAEL HOUGHTON, AND ASKED ABOUT MY WHEELCHAIR. MEDICAL SID TO SPEAK WITH CUSTODY AND THE MAINTANENCE DEPARTMENT, SEE EXHIBIT, 45.

46.  ON 11-6-2018, WROTE TO CHASITY PLUMMER ABOUT THE TREATMENT I WAS RECIEVEING FROM PROVIDER LORETTA DAWSON, NO RESPONSE FROM CHASITY PLUMMER, SEE EXHIBIT 46.

47.  ON 11-6-2018, THE PLAINTIFF WROTE A REQUEST TO MR. SERVEZZI, THE HEAD OF THE PLAINFIELD CORRECTIONAL FACILITYS MAINTANENCE DEPARTMENT, I HAD ASKED ABOUT WHEN THE DAMAGED SIDEWALKS WILL BE FIXED??? I HAD RECEIVED A RESPONSE FROM MR. SERVEZZI ON IN FEBURARY 2019 STATING THE SIDEWALKS WILL BE FIXED THE SUMMER OF 2019, THIS IS WINTER OF 2019 AND THE SIDE WALK ARE NOT FIXED, I LET MR. SERVEZZI KNOW I WAS CONFINED TO A

WHEELCHAIR AND THE SIDEWALKS ARE CAUSING A GREAT DEAL OF PAIN AND SUFFERING. I HAD WROTE TO WARDEN STANLEY KNIGHT ABOUT THE DAMAGED SIDEWALKS AS WELL, SEE EXHIBIT 47.

48.  ON 12-6-2018, THE PLAINTIFF WROTE TO THE WARDEN STANLEY KNIGHT ABOUT THE DAMAGED SIDEWALKS AND HE STATED IN RETURN REQUEST THAT THERE WERE NO MAJOR ISSUES IDENTIFIED, SEE THIS REQUEST INCLUDED IN WITH THE AMENED COMPLAINT, SEE EXHIBIT, 48.

49.  ON 12-13-2018, THE PLAINTIFF FILED A GRIEVANCE REGARDING THE SIDEWALKS HERE AT THE PLAINFIELD CORRECTIONAL FACILITY, THE WARDEN STANLEY KNIGHT DENIED MY GRIEVANCE, SEE EXHIBIT, 49.

50.  ON 1-14-2019, MY GRIEVANCE APPEAL WAS DENIED AGAIN BY WARDEN STANLEY KNIGHT, SEE EXHIBIT, 50(a), AND EXHIBIT, 50(b).

51.  ON 1-14-2019, A LETTER WAS SENT TO ME FROM THE HEALTH SERVICES QUALITY ASSURANCE MANAGER FOR THE INDIANA DEPARTMENT OF CORRECTIONS, MIKE SMITH, ON THE SECOND PARAGRAPH IT STATES FROMWARDEN STANLEY KNIGHT THAT SOME REPAIRS WILL BE NECESSARY, SEE ATTACHED COPY OF THIS LETTER WITH MY AMENDED COMPLAINT, SEE EXHIBIT, 51.

52.  ON 1-29-2019, I SUBMITTED A REQUEST TO CHASITY PLUMMER BECAUSE OF THE DAMAGED WHEELCHAIR I WAS IN AND THAT THE RISK FOR INJURY I WAS PUT IN AGAIN WASN'T ADRESSED BECAUSE OF THE INDOOR WHEELCHAIRS THAT'S BEING USED OUTDOORS, SEE EXHIBIT 52.

53.  IN FEBURARY 2019 I RECEIVED AN ANSWER FROM THE HEAD OF MAIMTANENCE DEPARTMENT, MR. SERVEZZI AND STATED THE SIDEWALKS WILL BE FIXED THIS SUMMER 2019, ITS WINTER, DECEMBER 2019 AND THE SIDEWALKS ARE NOT FIXED, SEE ATTACHED STATEMENT FROM MR. SERVEZZI, SEE EXHIBIT, 53(a) and 53 (b).

54.  ON 2-1-2019, THE PLAINTIFF SENT A LETTER TO THE DIRECTOR OF NURSEING REGARDING HIS WHEELCHAIRS, AND WHY THEY ARE BUYING CHEEPLY MADE CHAIRS TO BE USED ON DAMAGED SIDEWALKS, AND REQUESTING HELP FROM CHASITY PLUMMER, SEE EXHIBIT 54

55.  ON 2-3-2019, I SENT ANOTHER REQUEST TO CHASITY PLUMMER BECAUSE OF THE CONDITION OF MY WHEELCHAIR, NO RESPONSE FROM CHASITY, SEE EXHIBIT 55.

56.  ON 3-25-2019, I FILED A GRIEVANCE ABOUT MY BREATHEING TREATMENTS, CHASITY PLUMMER FINALY RESPONDS TO ONE OF MY REQUEST ABOUT MY MAJOR MEDICAL PROBLEMS, SEE EXHIBITS 56.

57.  ON 4-4-2019, I WROTE A LETTER TO WARDEN PRETORIOUS REGARDING MY UNSAFE WHEELCHAIRS NOTED THAT I HAD A MEETING WITH CHASITY PLUMMER ON 4-1-2019 AND THESE ISSUES WERE NOT TAKEN CARE OF, IM BEING PUT AT RISK FOR INJURY ALL THE TIME, SEE EXHIBIT 57.

58.  ON 4-7-2019, I SPOKE WITH CHASITY PLUMMER ABOUT SEEING DR. PIERCE AND ABOUT MY DAMAGED WHEEL CHAIRS, SHE SAID SHE WOULD DO WHAT SHE COULD, I SUBMITTED A HEALTH CARE REQUEST TO CHASITY PLUMMER, SEE EXHIBIT 58.

59.  ON 7-6-2019, I SENT AN INFORMAL GRIEVANCE TO CHASITY PLUMMER REGARDING MY MEDICATION BEING DISCONTINUED, SHE NEVER RESPONDED, SEE EXHIBIT 59.

60.  ON 9-13-2019, THE PLAINTIFF HAD SEEN DR. DUAN PIERCE AT MEDICL SICK CALL AND DR. PIERCE DETERMINED FROM HIS PHYSICAL EVALUATION OF THE PLAINTIFF, DR. PIERCE MADE A DECISION TO SEND ME TO SEE NEUROLOGIST AT I.U. HOSPITAL NEURO-SCIENCE. DR. DAVID STOCKWELL

HAD EVALUATED ME AND FROM HIS DIAGNOSIS OF THE PLAINTIFF DETERMINED THAT THE PLAINTIFF NEEDED A PAIN MANAGEMENT, SO DR. STOCKWELL SENT HIS REFERRAL TO DR. PIERCE WHICH WAS DENIED BY DR. PIERCE, THEREFORE DENYING ME PROPER MEDICAL TREATMENT AND MEDICANE.

61. ON 9-13-2019, DR. DUAN PIERCE REINSTATED NEURONTIN TO THE PLAINTIFF, BUT THE LOW DOSEAGE DOES NOT STOP THE CRIPPLEING PAIN AS MY PREVIOUS DOSEAGE, 2-600mg NEURONTINS DURING THE MORNING MED PASS, THEN 2-600mg NEURONTINS DURING THE EVENING MED PASS, THIS HAD HELPED ME WITH THE CRIPPLEING EVERYDAY PAIN.

62. ON 9-23-2019, I SENT CHASITY PLUMMER A REQUEST FOR A FOLLOW UP ON MY WHEELCHAIR AND MEDICAL CONDITION, I HAVENT HEARD ANYTHING, SEE EXHIBIT 62.

63. ON 10-30-2019, I SENT A HEALTH CARE FORM TO CHASITY PLUMMER ABOUT THE SEVERE PAIN THAT IM EXPERIANCEING, AND DR. PIERCE DENIEING ME PAIN MANAGEMENT AFTER THE NEUROLOGIST AT I.U. NEURO SCIENCE RECOMENED THIS TREATMENT, SEE EXHIBIT 63.

64. ON 11-8-2019, I TRIED TO SPEAK WITH YOU CONCERNING MY MEDICAL TREATMENT AND MY OVER ALL WELL BEING, YOU TOLD ME TO GIVE YOU A MINUTE AND YOU WOULD DISCUSS THESE ISSUES WTH ME, FOLLOW UP, AND CHASITY PLUMMER NEVER RETURNED, SEE EXHIBIT 64.

65. ON 11-15-2019, PLAINTIFF FILED AN INFORMAL GRIEVANCE REGARDING BEING SUBJECTED TO DAMAGED SIDEWALKS AND A WHEELCHAIR THAT WAS NOT INSPECTED BEFORE GIVEN TO ME, I WAS ALMOST THROWED OUT OF THE FAULTY WHEELCHAIR WHEN THE LEFT LEG DEVICE CAME LOOSE, I SENT THIS INFORMAL GRIEVANCE TO CHASITY PLUMMER, SHE MAKES THE DECISIONS ON THESE INDOOR WHEELCHAIRS, SEE EXHIBITS 65(a), AND 65(b).

66. ON 12-8-2019, CHASITY PLUMMER NEVER HAD RESPONDED TO MY INFORMAL GRIEVANCE, I THEN FILED A FORMAL GRIEVANCE ON 12-8-2019 REGARDING THE SERIOUSNESS OF MY MEDICAL CONDITION, DAMAGED SIDEWALKS, AND INDOOR FAULTY WHEELCHAIRS, SEE EXHIBIT 66.

67. DEFENDANT CHASITY PLUMMER, DIRECTOR OF NURSEING AT THE PLAINFIELD CORRECTIONAL FACILITY BEING DIRECTLY INVOLVED WITH THE PLAINTIFFS MEDICAL TREATMENT FOR APPROXIMATLY (2) YEARS, SUBJECTING THE PLAINTIFF TO CRUEL AND UNUSUAL PUNISHMENT AND DELIBERATE INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS.

CHASITY PLUMMER FAILED TO PROVIDE THE PLAINTIFF WITH PROPER MEDICAL CARE WHEN SHE HAD A DUTY TO DO SO, AND TO PROPERLY ADDERESS MEDICAL ISSUES, DEFECTIVE WHEELCHAIRS, ADDRESS ISSUES WITH CUSTODY OVER DAMAGED SIDEWALKS DURING MONTHLY MEETINGS.

WHEN THE PLAINTIFFS NERVE ROOT SPINAL INJECTION WAS DELAYED ON 5-22-2018, AND THE PLAINTIFF TRIED TO REACH OUT TO CHASITY PLUMMER AND SHE NEVER SPOKE WITH HIM ABOUT THIS VERY IMPORTANT ISSUE WITH HIS MEDICAL TREATMENT.

ALL OF THESE ISSUES WILL BE ADDRESSED IN THIS AMENDED COMPLAINT, ALL OF THIS CONSTITUTED IN ILLEGAL PUNISHMENT, INTENTIONAL, WANTON, AND MALICIOUS CONDUCT AND IS INDICATIVE OF THE DEFENDANTS TOTAL AND RECKLESS DISREGARD OF, AND DELIBERATE INDIFFERENCE TO THE CONSTITUTIONAL RIGHTS OF THE PLAINTIFF.

THIS IS A DIRECT VIOLATION OF THE DELIBERATE INDIFFERENCE CLAUSE, AND THE CRUEL AND UNUSUAL PUNISHMENT CLAUSE OF THE 8TH AND 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND THE CIVIL RIGHTS ACT OF 1971.

THE DISCONTINUEING OF PRESCRIPTIONS USED FOR EXTREME PAIN AND NOT FOLLOWING UP WITH THE PLAINTIFFS MEDICAL NEEDS AND TREATMENT PLAN, SYSTEMATIC DEFICIENCIES IN STAFFING AND PROCEDURES MAKE UNECESSARY SUFFERING INVITABLE.

68. DEFENDANT STANLEY, IS WARDEN OF THE PLAINFIELD CORRECTIONAL FACILITY, WHERE HIS ROLE AS WARDEN IS TO SET IN PLACE AND ESTABLISH RANK FOR THE PURPOSE OF RESPONCIBILITY, STANLEY KNIGHT IS RESPONCIBLE FOR THE OVER ALL OPERATION OF THE FACILITY, THEREFORE RESPONCIBLE FOR ANY NEGLIGENCE, CRUEL AND UNUSUAL PUNISHMENT, AND LACK OF EQUAL PROTECTION.

ANY VIOLATIONS OF THE STANDARD OF CARE CONCERNING THE GENERAL POPULATION OF THE FACILITY, INCLUDEING ANY AND ALL STAFF MEMBERS WHO HOLD OPERATIONAL POSITIONS, ANY AGENTS, EMPLOYEES, BOTH ACTING IN CONCRERT WITH, OR UNDER THE DIRECTION OF WEXFORD HEALTH SERVICES INCORPERATED, OR ANY DOCTOR FROM AN OUTSIDE SOURCE SRNDING SPECIFIC DIRECTIONS TO THE FACILITY FOR THE WELL BEING OF AN INMATE WHO IS DETAINED AT THE PLAINFIELD CORRECTIONAL FACILITY.

WHERE THE DEFENDANT STANLEY KNIGHT, IS THE SOLE RESPONCIBLE PARTY, HE SHOULD BE HELD ACCOUNTABLE FOR ANY DEFECTED POLICY, PRACTICE, OR SUBJECTS INMATES TO ANY CONSTITUTIONAL VIOLATIONS. THIS IS IMPROPER PERFORMANCE TO SUPERVISE, FAILURE TO MONITER CARE, AND OVERLY RESTRICTIVE CONDITIONS CAUSING PERMANENT INJURY TO THE PLAINTIFF, DEFENDANT STANLEY KNIGHT IS IN VIOLATION OF THE PLAINTIFF`S 5TH, 8TH, AND 14TH, AMENDMENT`S OF THE UNITED STATES CONSTITUTION.

69. A REQUST THAT WAS SENT TO THE HEAD OF THE PLAINFIELD CORRECTIONAL FACILITYS MAINTANENCE DEPARTMENT AND TO WARDEN STANLEY KNIGHT, THE SIDEWALK ARE STILL DAMAGED AND NOT BEEN FIXED.

*[signature]*

RESPECTFULLY SUBMITTED
HARRY HARRISON # 875139
PLAINFIELD CORRECTIONAL FACILITY
727 MOON ROAD
PLAINFIELD, IN 46168

LEGAL CLAIMS

Harrison reiterates and incorporates by reference each and every allegation heretofore set forth as a part hereto.

CLAIM 1

VIOLATION of TITLE 42 U.S.C. 1983

CRUEL AND UNUSUAL PUNISHMENT

The actions and deliberate conduct by [Stanly Knight, Murat Polar, Rachael Houghton, Chasity Plummer, Pamela Johnson, and Rebecca Trivett] in subjecting the plaintiff to Cruel and Unusual Punishment by refusing to provide proper medical care when they had a duty to properly address the plaintiffs medical issues as described in numerous paragraphs, constitutes Illegal Punishment, Intentional, Wanton, and Malicious Conduct, and is indicative of these Defendants total and reckless disregard of, deliberate indifference to, the Constitutional rights of the plaintiff. Additionally, this violates the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution, the Civil Rights Act of 1971, 42 U.S.C. 1983, under color of state law.

Harrison reiterates and incorporates by reference each and every allegation heretofore set forth as a part hereto.

## CLAIM 2

### OUTRAGEOUS CONDUCT

The actions of [STANLY KNIGHT, MURAT POLAR, RACHAEL HAUGHTON, CHASITY PLUMMER, PAMELA JOHNSON, and REBECCA TRIVETT IN DELIBERATILY REFUSING TO PROVIDE THE PLAINTIFF WITH PROPER MEDICAL CARE BY REFUSING TO GIVE PLAINTIFF NEEDED MEDICATION, MAKING THE PLAINTIFF WAIT FOR SAID MEDICATIONS, AND APPOINTMENTS THAT WERE NEEDED TO PROVIDE PROOF OF PLAINTIFFS INJURYS, IS A VIOLATION OF THE CONSTITUTIONAL RIGHTS OF THE PLAINTIFFS, INJURYS THAT THE PHYSICAL THERAPIST FOR THE DEPARTMENT OF CORRECTIONS, MS.DANNA MILLER, TOLD TO THE DEFENDANTS ABOUT THE PLAINTIFFS CONDITION, THEREFORE THE DEFENDANTS HAD KNOWLEDGE OF THE PLAINTIFFS PAIN, SUFFERING AND NEED FOR MEDICAL ATTENTION, SHOWS A TOTAL AND RECKLESS DISREGARD OF, AND DELIBERATE INDIFFRENCE TO, THE CONSTITUTIONAL RIGHTS OF THE PLAINTIFFS. THIS ALSO VIOLATES THE CRUEL AND UNUSUAL PUNISHMENT CLAUSE OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION, THE CIVIL RIGHTS ACT OF 1971, 42 U.S.C. 1983, UNDER COLOR OF STATE LAW THAT SHOULD RESULT IN PUNITIVE DAMAGES, WHICH THIS COURT MAY DEEM JUST AND PROPER FOR HARRISON BASED ON THIS OUITRAGEOUS CONDUCT BY THESE DEFENDANTS.